IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| DARNELL BROWN, | ) | |
| Petitioner, | ) | No. 17 C 0014 |
| v. | ) | |
|  | ) | Hon. Virginia M. Kendall |
| RANDY PFISTER, Warden, | ) | |
| Stateville Correction Center, | ) | |
| Respondent. | ) | |

**MEMORANDUM ORDER AND OPINION**

Pursuant to 28 U.S.C. § 2254, Petitioner Darnell Brown, a prisoner incarcerated in Stateville Correction Center, filed this *pro se* petition for a Writ of Habeas Corpus claiming ineffective assistance of trial counsel, abuse of discretion by the trial judge, and the unconstitutionality of his sentence. Respondent Randy Pfister moved to dismiss Brown's Habeas Petition as time-barred. For the reasons set forth herein, Respondent Pfister's Motion is granted [15] and Brown's petition is dismissed.

**BACKGROUND**

Following an October 2000 bench trial in the Circuit Court of Cook County, Petitioner Darnell Brown was convicted of aggravated criminal assault, criminal sexual assault, armed robbery, home invasion, aggravated unlawful restraint, and unlawful restraint. (Dkt.15 at 1, Dkt. 9 at 1.) On January 22, 2001 the trial court sentenced Brown to 30 years of imprisonment. (Dkt. 9 at 3.) Shortly after the sentence, Brown filed a Notice of Appeal to the Illinois Supreme Court on January 31, 2001. (*Id.*) The State filed a writ of mandamus. (*Id.*) On March 21, 2002, the Illinois Supreme Court issued a conditional writ of mandamus—if Petitioner's convictions were

1

affirmed on appeal, his sentence would convert to natural life. (*Id.*) On August 19, 2003, the Illinois Appellate Court affirmed Petitioner's convictions, and pursuant to the conditional writ on April 4, 2003, Brown's sentence converted to natural life. (*Id.*)

On August 14, 2003, attorney Ronald G. Draper filed an initial post-conviction petition on Brown's behalf. But Draper failed to file a docketing statement or record on appeal in the matter and on April 14, 2006, an Illinois Appellate Court dismissed the petition for want of prosecution. (Dkt. 9 at 4, 6). The Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois ("ARDC") later imposed a 30-day suspension against Attorney Draper due to his failure to appeal Brown's first post-conviction petition. *In re Ronald Gregory Draper*, 07CH0046 (ARDC Nov. 18, 2008)[1]; *In re Ronald Gregory Draper*, 07CH0046, Compl. (ARDC May 30, 2007)[2]. On November 29, 2007, a new attorney for Brown filed a second post-conviction petition with the trial court, raising, among other issues, Brown's ineffective assistance of counsel. (Dkt. 9 at 6.) The trial court subsequently denied the second petition on March 30, 2016. (Dkt. 9 at 7, 11.) Brown then petitioned this Court for a writ of habeas corpus on December 30, 2016. (Dkt. 1.) Pfister moved to dismiss Brown's petition on March 23, 2017. (Dkt. 15.)

## DISCUSSION

### I. Brown's Habeas Petition is Untimely

Pursuant to 28 U.S.C § 2244(d)(1), § 2254 motions are subject to a one year period of limitations that begins to run on the latest of the following: (1) the date the judgment becomes final by "the conclusion of direct review or the expiration of the time for seeking such review;" (2) the date that a State action impediment to filing is removed; (3) if a new constitutional right

---

[1] https://www.iardc.org/rd_database/disc_decisions_detail.asp
[2] https://www.iardc.org/rd_database/disc_decisions_detail.asp

2

was recognized by the Supreme Court and applied retroactively, then the initial date that a right was asserted; or (4) the date that the claim or claims' factual predicate could have been discovered through due diligence. The limitations period typically commences on the date the petitioner's judgment becomes final by either the conclusion of direct review or the time for seeking such review expires. 28 U.S.C. 2244(d)(1)(A). A judgment becomes final when both the conviction and sentence are entered. *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007).

Here, Brown's sentence became final on May 5, 2003, thirty-one days after the Circuit resentenced him in compliance with the Illinois Supreme Court's mandamus order. *See People v. Marker*, 908 N.E.2d 16, 19 (Ill. 2009) (thirty-day period for filing notice of appeal from final judgment). On August 14, 2003, the date Brown filed his initial post-conviction petition and one hundred days after the final judgment, the limitations period tolled. 28 U.S.C. §2244(d)(2) (statute of limitations tolls for the "time during which a properly filed application for State post-conviction or other collateral review…is pending."); *Pace v. DiGuglielmo,* 544 U.S. 408, 410 (2005), *Martinez v. Jones,* 556 F.3d 637, 638–39 (7th Cir. 2009). The statute of limitations did not run again until March 30, 2016—the date Brown's successive petition for leave to appeal was denied. *See Lawrence v. Fla.*, 549 U.S. 327, 332 (2007) ("[A] state postconviction petition application remains pending until the application has achieved final resolution through the State's postconviction procedures."). Brown would have needed to petition for a writ of habeas corpus before December 20, 2016 or before 265 days terminated—the remainder of the limitations period—after March 30, 2016. Instead, Brown petitioned for a writ of habeas corpus on December 30, 2016, ten days after the statute of limitations had expired. Accordingly, Brown's petition is denied as untimely.

**II. Equitable Tolling does not Apply to Brown's Petition**

Equitable tolling does not salvage Brown's Petition. Equitable tolling of the limitations period is available only when the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v, Florida*, 560 U.S. 631, 649 (2010). A circumstance is deemed extraordinary when the delay is both "both extraordinary *and* beyond its control" *Lombardo*, 860 F.3d at 552. The petitioner bears the burden of proving equitable tolling. *Id* ; *Ray v. Clements*, 700 F.3d 993 1020 (7th Cir. 2012). Further, the threshold is high to trigger equitable tolling. *Lombardo v. United States*, 860 F.3d 547, 551–52 (7th Cir. 2017); *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016), *cert. denied sub nom. Carpenter v. Strahota*, 137 S. Ct. 2300 (2017) ("equitable tolling is an extraordinary remedy that is 'rarely granted.'"); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("…the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule").

Brown alleges that such extraordinary circumstance transpired when his post-conviction counsel, Draper, failed to appeal his first post-conviction petition, resulting in the dismissal of Brown's appeal and Attorney Draper's ARDC suspension (Dkt. 22 at 5); *In re Ronald Gregory Draper*,: 07CH0046, (ARDC Nov. 8, 2008). However, Brown concedes that the Court granted him leave to file his successive post-conviction petition due to Attorney Draper's failure to file Brown's first post-conviction appeal in 2005 and 2006. (Dkt. 22 at 5); *In re Draper*, Compl. at *1. The statute of limitations did not again run until March 30, 2016—when the Court denied Brown's PLA. Thus, Draper's conduct did not impact the limitation period's accrual.

Moreover, although Attorney Draper's conduct was likely not "a garden variety claim of excusable neglect," it did not rise to the level of egregiousness such that it "creat[ed] an extraordinary circumstance warranting equitable tolling." *Holland v. Florida*, 560 U.S. 631, 633 (2010). In *Holland,* the Supreme Court reversed and remanded the appellate court's dismissal of a state prisoner's habeas petition as untimely when a prisoner repeatedly corresponded with his post-conviction counsel. *Id.* In the correspondences the prisoner corrected his attorney's miscalculated limitation's period and admonished the attorney to file his petition. Further, despite the prisoner's consistent pleas for information, the attorney failed to communicate with prisoner for years and failed to inform him of the Florida Supreme Court's decision in his case. The attorney's failures "seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his death sentence." *Id.* at 653. Here, Attorney Draper's conduct did not "seriously prejudic[e]" Brown: the Court granted him leave to file his successive post-conviction petition. It was not until the successive post-conviction appeal's dismissal, years after Attorney Draper's conduct, did the limitation's period begin to accrue again. Additionally, the record lacks sufficient evidence demonstrating that Brown, unlike the petitioner in *Holland*, diligently interacted with Attorney Draper regarding his case. *See also Modrowski v. Mote*, 322 F.3d. 965, 968 (7th Cir. 2003) (…clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures"). Because Brown fails to demonstrate how his appeal denial logically contributed to missing the statute of limitations when Attorney Draper's failures did not prejudice or impact Brown's time accrual, equitable tolling is not applicable.

### III. Trial and Post-Conviction Attorneys Actions do not Constitute State Action

Lastly, Brown argues that his trial and post-conviction attorneys' failures to adequately represent him constitutes State action that impeded his ability to timely file his petition. 28 U.S.C. § 2244(d)(1)(B) allows for the statute of limitations to toll when an impediment created by State action exists. *Lloyd v. Van Natta*, 296 F.3d 630, 632–33 (7th Cir. 2002). The limitations period only begins to run when the state created "impediment" is removed. *Id.* However, Brown has failed to allege an impediment to his ability to timely filing as a result of State action. His trial counsel, a public defender, was not acting under the color of state law when representing Brown. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") Further, court appointed counsel in post-conviction proceedings is not a state actor and therefore his delay does not constitute state action. *See also Powers v. Chandler*, 458 F. Supp. 2d 713, 715–16 (N.D. Ill. 2006) (citing *Georgia v. McCollum,* 505 U.S. 42, 53 n. 9, (1992) where public defenders and appointed counsel actions that delay in resolution of state post-conviction petition does not constitute state action).

### CONCLUSION

For the reasons set forth above, this Court grants Respondent's Motion to Dismiss Brown's Petition for Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). The petition is dismissed with prejudice and the Court denies Brown a certificate of appealability.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: January 29, 2018

6